IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ALEXANDRIA CATHARSIS CORTEZ )
PINELA MADRID, )
　)
      Plaintiff, )
　)
vs. )   Case No. 4:15-CV-0458-ODS-SSA
　)
CAROLYN COLVIN, )
Acting Commissioner of Social Security, )
　)
      Defendant. )

## ORDER AND OPINION REVERSING IN PART AND AFFIRMING IN PART THE COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Plaintiff appeals the Commissioner of Social Security's final decision denying her supplemental security income. The Commissioner's decision is reversed in part, affirmed in part, and the case is remanded for further proceedings.

## I. INTRODUCTION

Plaintiff was born in May 1991, completed some high school, and has no past relevant work experience. She alleges she became disabled on May 1, 2009. The ALJ determined Plaintiff's severe impairments include "seizures; a mood disorder; a history of attention deficit/hyperactivity disorder; recurrent dislocation of the left shoulder; and a closed anterior dislocation of the left humerus." R. at 57. The ALJ found Plaintiff has the residual functional capacity ("RFC") to:

> Lift, carry, push, or pull 10 pounds frequently and 20 pounds occasionally, but she should never lift, carry, push, or pull above shoulder level with the left upper extremity. Claimant is able to sit for 6 hours out of 8 hours and stand and walk in combination for 6 hours out of 8 hours. She can occasionally climb ramps or stairs and frequently balance, stoop, kneel, or crouch, and crawl. However, she should never climb ladders, ropes, or scaffolding. Claimant can never reach above should level with her left upper extremity. Claimant can never drive or operate a motor vehicle. She should never be exposed to hazards, such as unprotected heights, dangerous machinery, industrial settings, commercial kitchens, or open bodies of water.

> Mentally, claimant can never be expected to understand, remember, or carry out detailed instructions. Her job duties should be simple, repetitive, and routine in nature. Claimant should never be expected to exercise independent judgment regarding the nature of her job duties; and she should never be expected to travel or change duty locations.

R. at 59. Based on the testimony of a vocational expert, the ALJ determined Plaintiff could perform work as an office helper, merchandise marker, and garment sorter. R. at 66.

## II. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## III. DISCUSSION
### A.

Plaintiff argues the ALJ did not fully develop the Record with respect to Plaintiff's physical limitations. The Court agrees. The only opinion evidence in the Record regarding Plaintiff's physical limitations is that of Dr. Christine Moore ("Moore"). R. at 441. This opinion, however, is comprised of no more than two sentences. Moore's

2

opinion does not address Plaintiff's physical functional limitations at all, which is notable because Plaintiff has physical limitations, particularly due to her frequent seizures. R. at 305, 323, 347, 362, 367, 379, 391, 404, 417, 466, 469, 474, 486, 492, 500, 508, 517, 533, 545, 549, 787, 865, 869. Because Moore's medical opinion did not address Plaintiff's physical limitations, it is unclear how the ALJ was able to determine what Plaintiff's physical limitations were. Accordingly, the Court reverses and remands on this issue. On remand, the ALJ must obtain medical opinion evidence regarding Plaintiff's physical functional limitations and reformulate Plaintiff's RFC based on this newly acquired evidence.

<u>B.</u>

The Court notes that there are inconsistences between the RFC and the jobs the vocational expert testified Plaintiff could perform. For instance, the ALJ found that Plaintiff could "never be expected to understand, remember, or carry out detailed instructions." R. at 59. However, the vocational expert testified and the ALJ determined Plaintiff could perform jobs that had a specific vocational preparation ("SVP") level of 2, which requires "one to apply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Additionally, the ALJ determined Plaintiff could "never reach above shoulder level with her left upper extremity." But all the jobs the vocational expert and the ALJ identified that Plaintiff could perform require reaching, with no limitation regarding overhead reaching. Accordingly, after the ALJ reformulates Plaintiff's RFC, the ALJ is ordered to identify jobs, if any, that are consistent with the reformulated RFC.

<u>C.</u>

The Court's review of the Record indicates that the main reason the ALJ determined Plaintiff was not credible was because Plaintiff was not compliant in taking her medications and she did not seek medical treatment. There is some support for the ALJ's determination in the Record, but there is also ample support in the Record that Plaintiff may not have been compliant with her medications or may not have sought medical treatment because she could not afford to do so. R. at 345, 466, 486, 851, 859,

3

968, 1016. "The ALJ must consider a claimant's allegation that [s]he has not sought medical treatment or used medications because of a lack of finances." *Dover v. Bowen*, 784 F.2d 335, 337 (8th Cir. 1986); *see also Basinger v. Heckler*, 725 F.2d 1166, 1170 (8th Cir. 1984). While Plaintiff's financial strain is not determinative; upon remand, the ALJ must at least consider whether Plaintiff's financial condition was the motivation for failing to follow prescribed treatment. *Whitman v. Colvin*, 762 F.3d 701, 706-07 (8th Cir. 2014).

<u>D.</u>

Plaintiff claims the ALJ should have included in Plaintiff's RFC specific findings regarding Plaintiff's ability to interact with the public, accept criticism, and respond appropriately to criticism from supervisors; and Plaintiff's ability to maintain concentration, persistence, and pace. The Eighth Circuit has determined that an "ALJ is required to set forth specifically a claimant's limitations and determine how those limitations affect her RFC." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003). Accordingly, the Court directs the ALJ, upon remand, to include specific findings in Plaintiff's RFC regarding (1) Plaintiff's ability to interact with the public, accept criticism, and respond appropriately to criticism from supervisors and (2) Plaintiff's ability to maintain concentration, persistence, and pace.

<u>E.</u>

Plaintiff presents other arguments regarding the ALJ's decision. The Court will address them now so they will not remain issues on remand.

<u>1.</u>

Plaintiff argues that because the ALJ gave Dr. Stephen Scher's ("Scher") medical opinion substantial weight, the ALJ should have incorporated more of Scher's functional limitations for Plaintiff into the RFC. However, in determining the RFC, "the ALJ is not required to rely entirely on a particular physician's opinion." *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). Instead, the ALJ determines Planitiff's "RFC based on all relevant evidence, including medical records, observations of treating physicians and

others, and claimant's own description of his limitations." *Pearsall v. Massanari*, 274 F. 3d 1211, 1217 (8th Cir. 2011).

2.

Alternatively, Plaintiff argues the ALJ should not have given Scher's opinion substantial weight for several reasons. First, Plaintiff asserts that Scher's opinion was formed without the benefit of subsequently created medical records. While it is true that Scher did not have the benefit of subsequently created medical records, this does not undermine Scher's opinion regarding Plaintiff's condition on the day the opinion was rendered. Plaintiff does not provide, and the Court is not aware of, any legal authority which holds a medical opinion must be based on subsequently created medical records, or that the opinion necessarily must be discounted because it is not based on those records. Thus, the Court discerns no error on this point.

Second, Plaintiff notes Scher's opinion was incorporated into a single decision maker ("SDM") opinion. Plaintiff argues that it is impossible to determine which portion of the SDM opinion Scher actually wrote. The Court is not persuaded. A review of the SDM opinion indicates different portions of the opinion are created by different individuals. Each section of the SDM opinion ends with the electronic signature of the person who wrote it. The section of the SDM opinion upon which the ALJ relied was written by Scher, as that section ends with Scher's signature.

Third, Plaintiff argues Scher's opinion does not constitute substantial evidence because Scher is a non-treating, non-examining physician. While Scher's opinion may not be substantial evidence standing on its own, the ALJ did not determine Plaintiff's mental residual functional capacity merely by relying on Scher's opinion. *See e.g.*, *Turpin v. Colvin*, 750 F.3d 989, 994 (8th Cir. 2014). Instead, the ALJ determined Plaintiff's mental residual functional capacity by analyzing the medical opinion, treatment notes, and other evidence in the Record. The ALJ also sufficiently developed the Record regarding Plaintiff's mental limitations. "While an ALJ should recontact a treating or consulting physician if a critical issue is undeveloped, the ALJ is required to order medical examinations and tests only if the medical records presented to him do not give sufficient medical evidence to determine whether the claimant is disabled."

*Martise*, 641 F.3d at 926-27. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's opinion." *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994). Here, the ALJ was not required to further develop the record because "there is no indication that the ALJ felt unable to make the assessment he did and his conclusion is supported by substantial evidence." *Tellez v. Barnhart*, 403 F. 3d 953, 957 (8th Cir. 2005). There is ample and consistent evidence in the Record to support Scher's opinion.

<u>3.</u>

Plaintiff argues the ALJ failed to consider a Social Security Administration employee's observations about Plaintiff. The Court agrees that the ALJ did not consider this employee's observations, but Plaintiff does not reference, and the Court is not aware of, any case law that suggests that this is reversible error. On the contrary, courts have determined the ALJ is not required to discuss third party observations. *See e.g.*, *Rollefson v. Colvin*, 45 F. Supp. 3d 931, 944-45 (N.D. Iowa 2014).

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court reverses in part and affirms in part the Commissioner's decision.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: April 18, 2015          UNITED STATES DISTRICT COURT

6